IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| IVAN CHARLES MARABLE, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | Civ. No. 14-1201-JDT-egb |
| VS. | ) | Crim. No. 05-10039-JDT-2 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255
AND DENYING CERTIFICATE OF APPEALABILITY

Before the Court is a motion pursuant to 28 U.S.C. § 2255 filed by the Movant, Ivan Charles Marable. For the reasons stated below, the Court DENIES Marable's § 2255 motion.

On May 15, 2005, a federal grand jury returned an eight-count indictment against Marable and a co-defendant, John Tims. Marable was charged in count one with conspiracy to possess with intent to distribute fifty grams or more of cocaine base ("crack" cocaine), in violation of 21 U.S.C. § 846. Counts two through eight each charged Marable with possessing crack cocaine with intent to distribute on a separate occasion, in violation of 21 U.S.C. § 841(a)(1). (No. 05-10039-JDT, Crim. ECF No. 1.)[1] On April 7, 2006, Marable entered a guilty plea, pursuant to a written plea agreement, to counts one and four of the

---

[1] Tims was charged along with Marable in counts one through three of the indictment, and Marable alone was charged in counts four through eight. (*Id.*)

indictment. (*Id.*, Crim. ECF Nos. 36, 39 & 41.) At a hearing on November 2, 2006, the Court sentenced Marable to a 192-month term of imprisonment, to be followed by five years of supervised release. (*Id.*, Crim. ECF No. 67.) Judgment was entered the same day. (*Id.*, Crim. ECF No. 68.) Pursuant to a waiver in the plea agreement, Marable did not file an appeal. (*Id.*, Crim. ECF No. 39 at 3.) On February 17, 2016, the Court denied Marable's motion for a reduction of sentence under 18 U.S.C. § 3582(c)(2). (*Id.*, Crim. ECF No. 82.)

On August 19, 2014, Marable filed a § 2255 motion. (ECF No. 1.) The sole issue presented is whether trial counsel was ineffective in failing to object at sentencing to one of the prior offenses used to qualify Marable as a career offender under the U.S. Sentencing Guidelines, § 4B1.1. Marable contends that a 1997 Tennessee conviction for possession of marijuana with intent to manufacture, deliver or sell was actually a misdemeanor rather than a felony. The Court subsequently directed the United States to respond to the § 2255 motion (ECF No. 12), and an answer was filed on December 15, 2015. (ECF No. 16.)

Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error

2

of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted).

After a § 2255 motion is filed, it is reviewed by the Court and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4(b), Rules Governing § 2255 Proceedings ("§ 2255 Rules"). "If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." *Id.* The movant is entitled to reply to the Government's response. Rule 5(d), § 2255 Rules.

Marable's § 2255 motion is time barred. Twenty-eight U.S.C. § 2255(f) provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Marable does not expressly argue the timeliness issue in his § 2255 motion, and the United States contends the motion is time barred. However, Marable does state in his motion that he only discovered "within the last two months" that the prior conviction was not a felony. (ECF No. 1 at 3-4.)[2] Therefore, he presumably contends that his motion is timely because it was filed shortly after that fact was "discovered through due diligence." § 2255(f)(4).

Marable cannot show that he exercised due diligence in filing his § 2255 motion. The § 2255 motion itself quotes from Paragraph 43 of the Presentence Report (PSR), which clearly stated that the sentence imposed for the 1997 marijuana conviction was only eleven months and twenty-nine days. (ECF No. 1 at 2; PSR ¶ 43 at 15.) The transcript of the sentencing hearing reveals that Marable acknowledged that he had an opportunity to look at the Presentence Report and discuss it with his attorney. (No. 05-10039, Sent. Tr. at 5-6, Crim. ECF No. 80.) For that reason, both Marable and his counsel were on notice at least by the time of the sentencing hearing on November 2, 2006, that the 1997 marijuana conviction might have been a misdemeanor. Therefore, the § 2255 motion is untimely.[3]

Even if Marable's § 2255 motion was timely, he would not be entitled to relief. Under U.S.S.G. § 4B1.1, a defendant qualifies as a career offender if he "has at least two prior

---

[2] Marable indicates that he called the court of conviction, the General Sessions Court of Gibson County, Tennessee, to ask about possible expungement under a recently enacted Tennessee statute and was told at that time that the conviction was a misdemeanor. (*Id.*)

[3] To the extent Marable might also attempt to assert that his § 2255 motion was timely because it was filed pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), that argument is unavailing. Marable was sentenced pursuant to the Career Offender guideline, U.S.S.G. § 4B1.1, not pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e). *Johnson* has no applicability to the sentencing guidelines. *Beckles v. United States*, 137 U.S. 886 (2017).

felony convictions of either a crime of violence or a controlled substance offense" at the time he committed the offense of conviction. § 4B1.1 (a). In this case, the PSR shows that Marable has a 1996 conviction for burglary (PRS ¶ 40 at 14), a felony which qualifies as a crime of violence. *See United States v. Priddy*, 808 F.3d 676, 684-85 (6th Cir. 2015). The PSR further shows that Marable has a 1996 felony conviction for possession of both cocaine and marijuana with intent to manufacture, deliver or sell. (PSR ¶ 41 at 14.) Thus, even if the 1997 marijuana conviction is not counted, Marable still qualifies as a career offender.

The motion, together with the files and record in this case "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), § 2255 Rules. An evidentiary hearing is not necessary. Therefore, Marable's § 2255 motion is DENIED.

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate.

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue(s) which satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v.*

*Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011) (same). Courts should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

There can be no question that the issue raised in this § 2255 motion is without merit for the reasons previously stated. Because any appeal by Marable on the issue raised in his § 2255 motion does not deserve attention, the Court DENIES a certificate of appealability.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE